39 N.J. 20 (1962)
186 A.2d 673
IN THE MATTER OF THE APPLICATION TO QUASH SUBPOENA ISSUED BY THE WATERFRONT COMMISSION OF NEW YORK HARBOR TO CHARLES BUONCUORE.
The Supreme Court of New Jersey.
Argued December 4, 1962.
Decided December 17, 1962.
Mr. Benjamin H. Chodash argued the cause for the appellant, Charles Buoncuore (Messrs. Krieger and Chodash, attorneys; Mr. Harold Krieger, of counsel; Mr. Benjamin H. Chodash, on the brief).
*21 Mr. Robert A. Pin argued the cause for the respondent, Waterfront Commission of New York Harbor (Mr. William P. Sirignano, General Counsel; Mr. Irving Malchman, Assistant to General Counsel, and Mr. Jerome J. Klied, Assistant Counsel, all of the New York Bar, on the brief).
The opinion of the court was delivered PER CURIAM.
This is an appeal from the denial by the Superior Court, Law Division, of a motion to quash a subpoena served upon appellant Charles Buoncuore by the respondent Waterfront Commission. We certified the matter on our own motion before argument in the Appellate Division.
The subpoena was issued in furtherance of an investigation by the Commission into the alleged misuse of funds in connection with a dental clinic established in Hoboken by the New York Shipping Association-International Longshoremen's Association (NYSA-ILA) Medical and Clinical Services Fund. The Fund was established by a trust agreement between the NYSA and the ILA to provide, among other things, health centers and clinical services for members of the ILA. The Fund is supported by the contributions of each employer-member of the NYSA at the rate of 6¢ for each hour worked by an ILA employee, and by the contributions of the ILA in the sum of $45 yearly for each employee covered by the Fund. The business office of the Fund is in New York City. The misuse of the funds was first called to the attention of the Commission by the New York State Department of Insurance after a regular audit of the dental clinic records disclosed certain discrepancies. Buoncuore is a member of the Dental Clinic Advisory Board and the misuse of funds allegedly arose out of orders for dental supplies and equipment which were approved by him for payment.
Buoncuore does not challenge the need for the investigation, nor does he contest the general power of the Commission to investigate and to issue subpoenas. He concedes that if the Commission has the authority to make the present investigation, he would be subject to its subpoena. The only question *22 is whether the Waterfront Commission Act (N.J.S.A. 32:23-1 et seq.) grants the Commission jurisdiction to investigate the misuse of monies of the above welfare fund.
Buoncuore contends that the investigatory jurisdiction of the Commission is limited to "working conditions and the hiring of labor to work on the waterfront" and that its investigation of the misuse of the above welfare funds "bears no relationship to the performance of labor or working conditions on the piers."
The Waterfront Commission Act was adopted by the States of New Jersey and New York in 1953 as a comprehensive plan to eliminate the various evils on the waterfront in the port of New York district. The historical background of the act and the evils which led to its enactment are set forth in Hazelton v. Murray, 21 N.J. 115 (1956).
The purpose of the Commission's present investigation is to look into the alleged misappropriation of trust funds which are held for the benefit of longshoremen and other waterfront workers who are registered with or licensed by the Commission under the act. It is clear that the Commission has the statutory power to conduct such an investigation. Under N.J.S.A. 32:23-10 the Commission is not only authorized "[t]o make annual and other reports to the Governors and Legislatures of both States containing recommendations for the improvement of the conditions of waterfront labor within the port of New York district" (subsection 13), but it is also specifically empowered "[t]o make investigations, collect and compile information concerning waterfront practices generally" within the district and "upon all matters relating to the accomplishment of the objectives of this compact" (subsection 11). Clearly, if there has been a misuse of trust funds in derogation of the interests of the waterfront workers, this would be a corrupt and evil waterfront practice or labor condition within the scope of the Commission's statutory power to investigate "waterfront practices generally," and about which the Commission has the right to be informed and to make recommendations to the Governors and Legislatures *23 of New York and New Jersey, for the purpose of eliminating such practice or condition from the waterfront within the district.
The order of the Law Division denying the motion to quash the subpoena is affirmed.
For affirmance  Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN  7.
For reversal  None.